# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **MAVERICK GROUP MARKETING, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 2:13-cv-02268-STA-dkv |
| v. | ) |
| | ) |
| **WORX ENVIRONMENTAL PRODUCTS,** | ) |
| **LTD. d/b/a WORX ENVIRONMENTAL** | ) |
| **PRODUCTS, INC., WORX** | ) |
| **ENVIRONMENTAL PRODUCTS OF** | ) |
| **CANADA, INC., d/b/a WORX** | ) |
| **ENVIRONMENTAL** | ) |
| **PRODUCTS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Maverick Group Marketing, Inc. ("Maverick"), has filed a motion for attorney's fees and costs in the amount of $40,000 pursuant to Federal Rule of Civil Procedure 54(d).[1] (ECF No. 123.) Plaintiff contends that it is entitled to attorney's fees and costs because it

---

[1] Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part, that:

(1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...

(2) Attorneys' Fees.
(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

prevailed on the counterclaims of Defendants Worx Environmental Products, Ltd. d/b/a Worx Environmental Products, Inc. and Worx Environmental Products of Canada, Inc. d/b/a Worx Environmental Products, Inc. (collectively "Worx") at the summary judgment stage. Worx has responded to the motion and opposes the relief sought. For the reasons set forth below, Plaintiff's motion is **DENIED**.

Maverick filed a breach of contract lawsuit against Worx.[2] (ECF No. 1-2.) Worx filed counterclaims, asserting that Maverick breached the agreement, misrepresented a material fact, and committed fraud. (ECF No. 24). Maverick then moved for summary judgment on: (1) Maverick's own claims; (2) Worx's counterclaims; and (3) Worx's affirmative defenses. On April 9, 2015, the Court granted Maverick's motion for summary judgment as it related to Worx's counterclaims but denied Maverick's motion on its own claims and Worx's affirmative defenses. (ECF No. 78.) The Court also granted Worx's motion for summary judgment on Maverick's unjust enrichment claim. (*Id.*)

The case was tried by the Court without a jury on August 10-13, 2015. On December 8, 2015, the Court found in favor of Worx and instructed Worx to file its motion for attorney's fees and costs. (ECF No. 119.) Judgment in favor of Worx and granting Worx $290,000 in attorney's fees was entered on January 6, 2016. (ECF No. 122.) Maverick now seeks attorney's fees in conjunction with the Court's ruling granting Maverick summary judgment on Worx's counterclaims.

Under the principle known as the "American Rule," each litigant pays its own attorney's

---

[2] Maverick filed its complaint in the Chancery Court of Shelby County, Tennessee, and Worx removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. (ECF No. 1.)

fees, win or lose, unless a statute or contract provides otherwise.[3] In the present case, the contract entered into by the parties, i.e., the Marketing Agency Agreement ("Agreement"), provided that "If any legal action is necessary to enforce the terms of this agreement, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which he may be entitled."[4] Maverick contends that it is a "prevailing party" under this paragraph because it was successful in defending against Worx's counterclaims.

The term "prevailing party" is not defined in the Agreement. In *Clarke v. Mindis Metals, Inc.*,[5] the Sixth Circuit explained how courts are to define "prevailing party" in the context of a contract dispute when the parties have left the meaning undefined.

> When, as here, the contractual provision awarding fees is identical to the frequently-used statutory term "prevailing party," and there is no effort to define that term differently in the lease providing for the recovery of fees, we hold that the parties intend the term "prevailing party" to have the meaning given it by the case law under Rule 54(d)(1).[6]

"A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation."[7] The Supreme Court has determined that, "at a minimum, to be considered a prevailing party ..., the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between

---

[3] *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683, (1983).

[4] Para. 11, Marketing Agency Agreement ("Agreement") (ECF No. 41-1.)

[5] 1996 WL 616677 (6th Cir. Oct. 24, 1996).

[6] *Id.* at *10.

[7] *Tex. State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92 (1989) (construing 42 U.S.C. § 1988).

itself and the defendant."[8]  "Generally the party in whose favor judgment is rendered is considered the prevailing party."[9] That principle "applies even when the successful party is not awarded his entire claim."[10]  Thus, a party for whom judgment is "ultimately rendered," even when some of its claims have been dismissed on summary judgment, is the prevailing party.[11]

In this case, judgment was "ultimately rendered" for Worx.  The fact that Maverick obtained summary judgment on Worx's counterclaims does not make Maverick the "prevailing party."  Maverick was not even completely successful on summary judgment in that the Court denied Maverick's motion for summary judgment on its own claims and on Worx's affirmative defenses, including laches, on which Worx ultimately prevailed at trial.[12]

Accordingly, Maverick is not the "prevailing party" under the terms of the Agreement and is not entitled to recover its attorney's fees and costs from Worx.  Therefore, Maverick's motion for attorney's fees and costs is **DENIED**.

**IT IS SO ORDERED.**

---

[8] *Id.*

[9] *Thomas & Marker Constr., Co.*, 2009 WL 1119582 (S.D. Ohio Apr. 27, 2009) (citing Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2667 (3d ed 1998)).  Tennessee courts have also construed the phrase "prevailing party" as the party in whose favor final judgment is entered.  *See Dairy Gold, Inc. v. Thomas*, 2002 WL 1751193, *4 (Tenn. Ct. App. Jul. 29, 2002) (The term "prevailing party" has commonly been defined as "the party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered.")

[10] *Clarke*, 1996 WL 616677 (citing *Zackarof v. Koch Transfer Co.*, 862 F.2d 1263, 165–66 (6th Cir. 1988)).

[11] *Thomas,* 2009 WL 1119582 at  26-28.  *See also Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12 (1st Cir. 2014) (noting that attorney's fees were properly awarded to the defendant when the trial, not the counterclaims which were disposed of pretrial, "was obviously the main event" and the counterclaims "were a sideshow.")

[12]  (ECF No. 78.)

**s/ S. Thomas Anderson**  
S.THOMAS ANDERSON  
UNITED STATES DISTRICT JUDGE


Date: February 10, 2016.